IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAFEAL SOTO, #R64454,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10–cv–260–MJR–SCW |
| | ) |
| **CRISEY FENTON,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendant Crisey Fenton's Motion to Vacate Entry of Default (Doc. 32). Specifically, Defendant Fenton seeks to vacate the entry of default entered against her by this Court on September 2, 2011. Defendant Fenton states that she did file a responsive pleading to Plaintiff's Complaint because she was under the assumption that the Illinois Department of Corrections would automatically provide her representation in the form of the Office of the Illinois Attorney General without any request from her and so she mistakenly believed that she was represented in this matter and that the Attorney General's Office would be filing a responsive pleading on her behalf. Plaintiff, in Response, has filed a Motion to Dismiss Defendant Crisey Fenton's Motion to Vacate Entry of Default (Doc. 34) as well as a Motion to Strike Defendant Fenton's Answer and Affirmative Defense (Doc. 33).

**FEDERAL RULE OF CIVIL PROCEDURE 55** provides that: "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b)(1)

provides that "[o]n motion and just terms, the court may relieve a party…from a final judgment" upon showing "mistake, inadvertence, surprise, or excusable neglect." **FED.R.CIV.P. 60(b)(1)**.  The test for demonstrating excusable neglect under Rule 60(b)(1) for purposes of vacating a default judgment is the same as the test under Rule 55(c) for vacating an entry of default.  A party seeking either to set aside an entry of default or a default judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, **559 F.3d 625, 630-31 (7th Cir. 2009) (noting that the test under both Rule 55(c) and 60(b) are the same although the test for setting aside entry of default is more liberally applied).**

Here, Defendant Fenton has met all of the requirements for setting aside the entry of default entered against her.  As a default judgment has yet to be entered, the Court will apply a liberal rendering of the test.  Defendant Fenton has shown good cause for her default as she states that she believed that she was automatically represented by the Illinois Attorney General's office and did not find out that she had to request representation until default was entered against her.  Once default was entered and the Court Ordered Defendant Fenton to show cause why she had not responded to Plaintiff's Complaint, Defendant Fenton sought the representation of the Attorney General and filed the instant motion to vacate.  Defendant has also demonstrated that she has a meritorious defense to this case as she has already filed an Answer to Plaintiff's Complaint with several Affirmative Defenses listed (Doc. 31).  Accordingly, the Court finds good cause for setting aside Defendant Fenton's entry of default and thus **GRANTS** Defendant Fenton's Motion to Vacate Entry of Default (Doc. 32). The Court **VACATES** the Clerk's previous entry of default (Doc. 29) against Defendant Fenton.  Furthermore, the Court **DENIES** Plaintiff's Motion to Dismiss Defendant Crisey Fenton's Motion to Vacate Entry of Default (Doc. 34).  The Court also **DENIES** Plaintiff's Motion to Strike Defendant Fenton's Answer and Affirmative Defense (Doc. 33) as the Court finds that Defendant Fenton has

properly filed an Answer in light of her motion to vacate entry of default.

IT IS SO ORDERED.                    DATED: October 27, 2011


*/s/ Stephen C. Williams*

STEPHEN C. WILLIAMS

United States Magistrate Judge